NO. 20-4396

---

**In The**
# United States Court Of Appeals
**For The Fourth Circuit**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDREW POWERS,

Defendant-Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION

---

BRIEF FOR APPELLANT
ANDREW POWERS

---

William L. Drake
   *Counsel of Record*
Jessica D. Maneval
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
wdrake@steptoe.com

*Counsel for Defendant-Appellant
Andrew Powers*

# TABLE OF CONTENTS

I.   Jurisdictional Statement.................................................................1

II.   Statement of the Issues ............................................................1

III.   Statement of the Case ..............................................................1

IV.   Statement of Facts....................................................................2

    A.   The Original Indictment .................................................2

    B.   Stipulations Regarding Venue........................................4

    C.   The Superseding Indictment...........................................5

    D.   Pretrial Proceedings.......................................................6

    E.   Trial ..............................................................................6

    F.   Post-Trial Proceedings ...................................................6

V.   Summary of Argument ............................................................10

    A.   The District Court Committed Reversible Error When It Denied Mr. Powers's Motion to Dismiss the Superseding Indictment ..........10

    B.   The District Court Committed Reversible Error When It Failed to Address Mr. Powers's Non-Frivolous Sentencing Argument ........11

VI.   Argument .................................................................................13

    A.   The District Court Erred in Denying Mr. Powers's Motion to Dismiss Counts (1-5)..............................................................13

        1.   Standard of Review.................................................13

        2.   Discussion ...............................................................13

    B.   The District Court Erred When It Failed to Address Mr. Powers's Guidelines Argument...................................................22

        1.   Standard of Review.................................................22

        2.   Discussion ...............................................................22

VII.   Conclusion ......................................................................................32

VIII.  Request for Oral Argument ...........................................................32

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Rita v. United States,*
  551 U.S. 338 (2007)...............................................................23, 24, 28

*United States v. Allmendinger,*
  706 F.3d 330 (4th Cir. 2013) ................................................................23

*United States v. Blue,*
  877 F.3d 513 (4th Cir. 2017) ...............................................23, 24, 27

*United States v. Bollinger,*
  798 F.3d 201 (4th Cir. 2015) ................................................................23

*United States v. Boulware,*
  604 F.3d 832 (4th Cir. 2010) ...........................................................28, 32

*United States v. Bowens,*
  224 F.3d 302 (4th Cir. 2000) ................................................................14

*United States v. Carpenter,*
  818 F. App'x 235 (4th Cir. 2020) ........................................................30

*United States v. Carter,*
  564 F.3d 325 (4th Cir. 2009) ................................................................23

*United States v. Clark,*
  383 F. App'x 310 (4th Cir. 2010) ................................................*passim*

*United States v. Collins,*
  372 F.3d 629 (4th Cir. 2004) ................................................................16

*United States v. Ebersole,*
  411 F.3d 517 (4th Cir. 2005) ................................................................14

*United States v. Engle,*
  676 F.3d 405 (4th Cir. 2012) ................................................*passim*

*United States v. Forrest,*
  182 F.3d 910 (4th Cir. 1999) .........................................................16, 18

*United States v. Gaughan*,
    431 F. Supp. 3d 686 (D. Md. 2020)........................................................13, 14, 15

*United States v. Hooker*,
    841 F.2d 1225 (4th Cir. 1988) ....................................................................21, 22

*United States v. Howard*,
    773 F.3d 519 (4th Cir. 2014) .............................................................................22

*United States v. Jefferson*,
    562 F. Supp. 2d 695 (E.D. Va. 2008), *vacated in part*, 674 F.3d
    332 (4th Cir. 2012), *as amended* (Mar. 29, 2012) ...........................................19

*United States v. Jefferson*,
    674 F.3d 332 (4th Cir. 2012) ......................................................................*passim*

*United States v. Kingrea*,
    573 F.3d 186 (4th Cir. 2009) .............................................................................13

*United States v. Lynn*,
    592 F.3d 572 (4th Cir. 2010) ........................................................................22, 23

*United States v. Nelson*,
    813 F. App'x 854 (4th Cir. 2020) ......................................................................31

*United States v. Pasquantino*,
    336 F.3d 321 (4th Cir. 2003) .............................................................................15

*United States v. Ricketts*,
    395 F. App'x 69 (4th Cir. 2010) .................................................................*passim*

*United States v. Rodriguez-Moreno*,
    526 U.S. 275 (1999)....................................................................................10, 14

*United States v. Ross*,
    912 F.3d 740 (4th Cir. 2019) .............................................................................24

*United States v. Thompson*,
    595 F.3d 544 (4th Cir. 2010) ......................................................................12, 28

## Other Authorities

Fed. R. Crim. P. 12..........................................................................................11, 16

Fed. R. Crim. P. 18 ................................................................... 14

U.S. Const. amend. VI ........................................................ 10, 14

U.S. Const. art. III, § 2, cl. 3 ............................................ 10, 13

## I.  Jurisdictional Statement

This appeal is from a final judgment of conviction entered on July 15, 2020. JA 249.  Mr. Powers timely noticed his appeal, JA 255, giving this Court jurisdiction under 28 U.S.C. § 1291.

## II.  Statement of the Issues

This appeal presents the following questions:

1.  Whether this Court should vacate Mr. Powers's conviction because the Superseding Indictment did not adequately plead Venue.

2.  Whether this Court should vacate Mr. Powers's sentence because the district court erred by not engaging with Mr. Powers's non-frivolous argument for a below-Guideline sentence.

## III.  Statement of the Case

On February 7, 2020, a jury convicted Mr. Powers of three counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2, one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 2, and two counts of unlawful monetary transaction in violation of 18 U.S.C. §§ 1957 and 2.  Mr. Powers was acquitted of one count of wire fraud, and one count of inducing interstate travel to defraud in violation of 18 U.S.C. § 2414.  JA 102.  The U.S. District Court for the Eastern District of Virginia (Hon. Alston, Jr., J.) entered final judgement on July 15, 2020, imposing a

sentence of one hundred fifty-one months imprisonment.  Mr. Powers subsequently

filed this appeal.

## IV.    Statement of Facts

### A.    The Original Indictment

On July 24, 2019, Mr. Powers was indicted on the following eight counts:

four counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts 1-4),

one count of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Count 5), one

count of inducing interstate travel to defraud, in violation of 18 U.S.C. § 2314

(Count 6), and two counts of unlawful monetary transaction, in violation of 18

U.S.C. §§ 1957 and 2 (Counts 7-8).  JA 24-28.

The Indictment alleges that between February 2009 and January 8, 2019,

Mr. Powers, as the owner and operator of CommuniClique, Inc.

("CommuniClique") "engaged in a scheme and artifice to defraud, and to obtain

money and property by means of false and fraudulent pretenses, representations,

and promises."  JA 22.  It further alleges particular acts committed by Mr. Powers

in furtherance of this scheme, including that Mr. Powers made false and material

representations to others to induce them to provide Mr. Powers and

CommuniClique with money, totaling more than $20 million.  JA 22.  To

substantiate Counts 1-4, the Indictment alleges that "within the Eastern District of

Virginia and elsewhere," Mr. Powers "caused money from investors … to be sent

to [Mr. Powers] and CommuniClique." The Indictment alleges the following communications as the bases for each count:

- A wire for $1,000,011.00 from investor J.G. on February 17, 2016 (Count 1);

- A wire for $115,200.00 from investor J.C. on August 8, 2016 (Count 2);

- A wire for $100,005.12 from investor W.B.J. on September 6, 2017 (Count 3); and

- A check deposit and wire for $440,00.00 on September 1, 2017 (Count 4).

The Indictment does not allege the locations from which any of the communications were sent or received. JA 24. As the basis for Count 5, the Indictment similarly states that "within the Eastern District and elsewhere," Mr. Powers "caused to be placed in an authorized depository for mail matter to be sent and delivered . . . according to the direction thereon . . . a CommuniClique stock certificate issued to A.S." JA 25. Here, too, the Indictment does not state that the mailing allegedly caused by Mr. Powers was sent from or received in the Eastern District of Virginia. JA 25.

**B.     Stipulations Regarding Venue**

The government first sought to obtain a stipulation from Mr. Powers regarding venue on November 19, 2019.  JA 56.  The proposed stipulation claimed that, were representatives from the banks associated with the communications substantiating Counts 1-4 called to testify, each would state, *inter alia,* that the Bank of America "computer servers that sent or received the respective wires or checks" were located in Richmond, Virginia.  JA 43, 56.  During its consideration of the proposal, counsel to Mr. Powers discovered an FBI 302 report reflecting that Timothy Whitesitt, a representative from Bank of America, had explained to the government that Bank of America processes communications in servers that are located *either* in Virginia *or* Texas.  JA 44-45, 58.  Counsel to Mr. Powers sought further clarification from the government, and, in response, was provided with a copy of correspondence from Andrew Levy—a second representative of Bank of America—in which Mr. Levy stated that the communications were processed elsewhere, but were "post[ed]" on servers in Richmond.  JA 66.  Given the uncertainty with regard to the location in which the communications were received, counsel to Mr. Powers declined to consent to the proposed stipulation. JA 47.

On December 23, 2019, the government sent counsel to Mr. Powers a second version of the proposed stipulation stating that the communications

identified in Counts 1-4 were neither sent nor received in the Eastern District of Virginia, but rather, simply, that, "after the processing, internal Bank of America wire communications caused a Bank of America server in Richmond, Virginia, to credit the funds to a CommuniClique account." JA 68. Counsel to Mr. Powers again declined to consent to this new stipulation. JA 46-47.

On January 4, 2020, the government sent counsel to Mr. Powers a third version of the proposed stipulation that relied on an entirely different bank for the communication serving as the basis for Count 1, and that included only locations from which the relevant communications were sent, none of which were located in the Eastern District of Virginia. JA 46-47, 79. Counsel to Mr. Powers consented to this stipulation. JA 47.

## C.    The Superseding Indictment

On January 14, 2020, the government notified Mr. Powers's counsel that it intended to file a Superseding Indictment. JA 47. Given the uncertainty regarding venue revealed during the parties' negotiation of the stipulation, counsel to Mr. Powers requested that the government correct the Indictment to properly allege venue. JA 48, 80-81.

Three days later, on January 23, 2020, the government filed a Superseding Indictment without any alteration to its allegations of venue. JA 34-35.

### D. Pretrial Proceedings

Following entry of the Superseding Indictment, Mr. Powers sought dismissal of Counts 1-5 on grounds that the Superseding Indictment failed to properly allege venue in the Eastern District of Virginia. JA 41. In its opposition, and during pretrial proceedings, the government argued that *United States v. Engle*, 676 F.3d 405 (4th Cir. 2012), required the district court to find its allegation of venue sufficient. JA 84-85, 274-75. The government also argued that because the Fourth Circuit has a "lenient" standard for variance between allegations of venue and that which is proven at trial, it did not have to allege venue with any greater specificity in the Superseding Indictment. JA 276-77.

Siding with the government, the district court denied Mr. Powers's Motion to Dismiss Counts 1-5. JA 97-99.

### E. Trial

Following a five-day jury trial on February 3-7, 2020, the jury found Mr. Powers guilty as to Counts 1-2, 4-5, and 7-8. The jury found Mr. Powers not guilty as to Counts 3 and 6. JA 1141-42.

### F. Post-Trial Proceedings

The government and Mr. Powers submitted their respective sentencing briefs on July 8, 2020. The government argued for a sentence "at or near to the sentencing guidelines range of 151 to 188 months." JA 136. Mr. Powers asserted

five arguments in support of a sentence "substantially lower than 151 months." JA 207. Two of these arguments were objections to the Sentencing Guidelines. The first argument spanned three pages and involved whether the Sentencing Guidelines were calculated correctly in the PSR. JA 219- 221.

The second argument was that the fraud guidelines are inadequate and inappropriate under the required Section 3553(a) analysis. Over nearly nine pages, Mr. Powers, through counsel, explained how the amount of loss, which accounts for a 20-level enhancement, results in a Guideline calculation that is contrary to the purposes of sentencing, and that the court has discretion to impose a sentence below the advisory range to rectify this inconsistency. JA 221-229. Mr. Powers's counsel argued with specificity and support that the fraud guidelines are unsupported by empirical data. Mr. Powers illustrated this with multiple sources that show the fraud guideline's loss-based enhancement now result in longer sentences than in the past. JA 221-223. Mr. Powers also explained how in fraud cases "courts have frequently exercised [their] discretion rejecting § 2B1.1 [the loss enhancement] because it is not based on empirical data." JA 224.

The excessive guideline range is further exacerbated when overlapping enhancements are also applied. As detailed in Mr. Powers's sentencing brief, this "piling-on effect" has been recognized by the courts, the Sentencing Commission, and a chorus of legal scholars. JA 226-228. As a result, the recommended range

for Mr. Powers's first-time fraud conviction was the same as the ranges for kidnapping involving the use of a dangerous weapon, criminal sexual abuse of a child under twelve years old, and criminal sexual abuse in which the victim sustained permanent life-threatening injury. Because of this disparity between the seriousness of the offense and the length of the sentence, Mr. Powers argued, the sentencing court should exercise its discretion and issue a sentence below the Guidelines range like many other courts before it had done.

After filing its memorandum in aid of sentencing, Mr. Powers's counsel raised this argument one week later in the Sentencing and Forfeiture Hearing. Counsel explained that "the sentencing guidelines in this case really are empty. They're not backed up by data." JA 1247. Mr. Powers's counsel argued that the Guidelines were meant to ensure a just sentence "by taking actual sentences that were imposed in theoretically similar cases, but the fraud guidelines abandon that whole concept entirely. They are not based on data. They weren't based on data to begin with, and then they were raised over and over again throughout the years." JA 1248.

The court's only acknowledgment of this argument was in the form of a single question during the hearing in which the court asked: "Is that a question for this Court to answer, or is that a question for the sentencing commission?" In

response, Mr. Powers's counsel pointed to the authority in the brief that shows the

court can consider this argument.  Mr. Powers's counsel explained to the court that

> the Fourth Circuit says and the Supreme Court say that the first thing that has to be done is to decide what weight to give the guidelines, if any at all. And that Your Honor has complete discretion to take the sentencing guidelines and throw them in the trash can if you believe that there's no basis for them. And really the reason why our sentencing memo was so long, and we appreciate the Court's indulgence on that, but the real reason why it was so long is because we wanted to show the Court this is not something we made up. This is something that judges, scholars, people who actually work at the sentencing commission recognized about the fraud guideline. And that the statistics bear out that in fraud cases. Overwhelmingly, courts go way below the guidelines. And the higher you get, as in this case, pretty high on the table, the bigger the difference between the actual sentence imposed on the guidelines.

JA 1248-1249.  The Court imposed a sentence of 151 months and the court

announced that it intended to issue a "written opinion outlining all of the 3553(a)

factors and what the Court is going to do regarding the general sentence."  JA

1274, 1282.

Almost three weeks later, the court issued its memorandum opinion and

order.  JA 1591.  █████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████

██████████████████████████████████████

█████████████████████████████ It did not engage with Mr.

Powers's policy argument that the fraud Guidelines are inadequate and that he

should receive a lower sentence because of it.

## V.    Summary of Argument

### A.    The District Court Committed Reversible Error When It Denied Mr. Powers's Motion to Dismiss the Superseding Indictment

The district court erred in finding that the Superseding Indictment contained

allegations that, if true, would establish proper venue.

Proper venue is a constitutional right.  *See* U.S. Const. art. III, § 2, cl. 3; U.S.

Const. amend. VI.  In order for venue to be proper, the conduct constituting the

offense must have occurred in the district in which the defendant has been brought.

*United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999).  In the context of

mail and wire fraud, the Fourth Circuit has held venue to be proper in any district

in which the mailing or wire that serves as the basis for the charge was sent or

received.  *United States v. Jefferson*, 674 F.3d 332, 366-67 (4th Cir. 2012).

When an indictment contains an obvious defect with respect to venue, a

criminal defendant may move for dismissal under Fed. R. Crim. P. 12.  *United*

*States v. Engle*, 676 F.3d 405, 415-16 (4th Cir. 2012). Dismissal is warranted if the court determines that "the allegations therein, even if true, would not establish venue." *Id.* at 415. Thus, in a case involving mail or wire fraud, a reviewing court must ask whether an indictment sufficiently alleges that the mailing or wire communication was sent from or received in the district in which the case has been brought.

The Superseding Indictment fails to satisfy this standard. It does not allege that a single wire or mailing was sent to or from the Eastern District of Virginia. Rather, it merely states that in the Eastern District of Virginia, Mr. Powers engaged in some causal acts related to the mailing or wire transmission. Were this the extent of the government's case-in-chief, it plainly would have failed to meet its burden to establish venue. The district court thus erred in denying the pretrial Motion to Dismiss on the basis of inadequate allegations of venue.

**B.     The District Court Committed Reversible Error When It Failed to Address Mr. Powers's Non-Frivolous Sentencing Argument**

The law required the sentencing court to address each non-frivolous argument raised by Mr. Powers. Mr. Powers argued that the Sentencing Guidelines are inadequate under 18 U.S.C. § 3553. This argument is not frivolous in this Circuit, but the district court failed to address this argument. As a result of this error, this Court must vacate the sentence and remand this case for resentencing unless the government proves that the district court's error was

harmless. But, the government cannot establish that the error was harmless because it is conceivable that Mr. Powers would have received a lower sentence had the court explicitly considered his non-frivolous argument.

One of the primary arguments raised by Mr. Powers in his sentencing brief was that the fraud guidelines are inconsistent with 18 U.S.C. § 3553 because the punishment recommended by the fraud guidelines is disproportional to the level of wrongdoing they address. A similar disproportionality argument was determined to be non-frivolous in the context of the disparity between crack cocaine and powder cocaine under the Guidelines. *See United States v. Clark*, 383 F. App'x 310, 312 (4th Cir. 2010) (per curiam); *United States v. Ricketts*, 395 F. App'x 69, 71 (4th Cir. 2010) (per curiam). The district court failed to sufficiently address this argument despite having multiple opportunities to do so.

The government in unable to prove that the district court's error was harmless, because it cannot prove that the court could not have "conceivably" given Mr. Powers a lower sentence had it explicitly considered his non-frivolous argument. *United States v. Thompson*, 595 F.3d 544, 548 (4th Cir. 2010). There is no evidence to the contrary. In fact, Mr. Powers was sentenced within the guideline range. Had the district court considered his argument that the fraud guidelines result in an excess guidelines range, it is possible the court would have

imposed a below-Guidelines sentence like multiple courts have done in other fraud cases.

## VI.    Argument

### A.    The District Court Erred in Denying Mr. Powers's Motion to Dismiss Counts (1-5)

#### 1.    Standard of Review

Whether the district court erred in refusing to dismiss counts 1-5 in the Superseding Indictment is subject to *de novo* review.  *United States v. Kingrea*, 573 F.3d 186, 191 (4th Cir. 2009).  When a defendant challenges the sufficiency of an indictment before verdict, this Court applies a heightened scrutiny.  *Id.*

#### 2.    Discussion

##### a.    Requirements for Venue Under Mail and Wire Fraud Statutes

In a criminal case, "venue is not merely a 'formal legal procedure' but rather 'touch[es] closely [on] the fair administration of criminal justice and public confidence in it.'"  *United States v. Gaughan*, 431 F. Supp. 3d 686, 689 (D. Md. 2020) (citing *United States v. Johnson*, 323 U.S. 273, 275-76 (1944)); *see also* U.S. Const. art. III, § 2, cl. 3 (providing that all criminal trials "shall be held in the State where the said Crimes shall have been committed"); U.S. Const. amend. VI (defendant entitled to a trial "by an impartial jury of the State and district wherein the crime shall have been committed"); Fed. R. Crim. P. 18.

Consistent with this principle, "it is settled law that 'in a criminal case, venue must be narrowly construed.'" *Gaughan*, 431 F. Supp. 3d at 689 (citing *United States v. Jefferson*, 674 F.3d 332, 365 (4th Cir. 2012)). "When a defendant is charged with multiple counts, venue must be proper on each count." *United States v. Bowens*, 224 F.3d 302, 308 (4th Cir. 2000). Determining whether venue is proper is a two-step inquiry. The court must first "identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999). Although this inquiry "may yield more than one appropriate venue, or even a venue in which the defendant has never set foot," venue is limited "to the place of the essential *conduct* elements of the offense." *Bowens*, 224 F.3d at 309 (emphasis in original).

In the context of wire fraud, this Court has held that the sole essential conduct conferring venue is the "physical act of transmitting the wire communication." *Jefferson*, 674 F.3d at 366-67 (internal quotation marks omitted); *see also United States v. Ebersole*, 411 F.3d 517, 527 (4th Cir. 2005) (finding venue proper in the Eastern District of Virginia, provided that the defendant was found to have "caused any payment-related wire communication to be transmitted to or from the Eastern District of Virginia."); *United States v. Pasquantino*, 336 F.3d 321, 332 n.5 (4th Cir. 2003) (recognizing that "[b]ecause

the mail and wire fraud statutes share the same language in relevant part, we apply the same analysis to both offenses"); *Gaughan*, 431 F. Supp. at 691 ("[T]he essential element conduct for mail fraud is the physical act of placing, depositing, or delivering the mail.") (citing *Jefferson*, 674 F.3d at 366-67).  In so doing, the Fourth Circuit has distinguished between actions relating to the "scheme to defraud," *i.e.*, the *mens rea* element of the statute, and the *actus reus* that creates the punishable offense.  *Jefferson*, 674 F.3d at 367.

This interpretation is rooted in Double Jeopardy principles.  "[A]n Indictment that charges multiple mail fraud offenses based on a single fraud scheme does not contravene the Double Jeopardy Clause . . . because it is not the plan or scheme that is punished."  *Jefferson*, 562 F. Supp. 2d at 367 (internal quotation marks omitted).  As this Court recognized, if the statute is more broadly interpreted to permit prosecution for any causal act that furthers the scheme to defraud, "this would present multiplicity problems in that it would punish the same 'scheme to defraud' more than once."  *Gaughan*, 431 F. Supp. 3d at 692 (citing *Jefferson*, 562 F. Supp. 2d at 367, 368 n.47).

b.      Standard for a Pre-Trial Challenge to Venue

When the government alleges venue in an indictment, it must do so without a facially obvious defect.  *See United States v. Collins*, 372 F.3d 629, 633 (4th Cir. 2004) (recognizing need for an objection before trial when a "venue defect is

apparent on the face of the indictment") (internal quotation marks and citation omitted).

An indictment containing a facially obvious venue defect may be dismissed under Fed. R. Crim. P. 12. *Engle*, 676 F.3d at 415-16. Review of a pretrial motion to dismiss based on inadequate allegations of venue is limited to the face of the indictment. *United States v. Forrest*, 182 F.3d 910 (4th Cir. 1999). "Evidence beyond the face of the indictment should not be considered." *Id.* at 910. Rather, courts must ask only whether the allegations of venue contained in an indictment reveal "an infirmity of law in the prosecution." *Engle*, 676 F.3d at 415. Dismissal is warranted if "the allegations therein, even if true, would not establish venue." *Id*.

> c. The District Court Erred in Finding That the Superseding Indictment Adequately Alleged Venue

Synthesizing the standards described above, for an indictment to withstand a pretrial motion to dismiss based on inadequate allegations of venue, a court must find that it contains allegations that, if true, would establish that the essential conduct constituting the offense occurred in the district in which the charges were brought. As applied to mail and wire fraud, a court must find that the indictment adequately alleges that a mailing or transmission originated from or was received in the district—this describes the essential conduct that confers venue. As explained below, the district court erred in finding that the Superseding Indictment

- 16 -

satisfies this standard because the Superseding Indictment fails to allege that any essential conduct occurred within the Eastern District of Virginia.

The district court principally erred by interpreting *Engle* to require that it find that the Superseding Indictment adequately alleged venue. JA 98-99. In *Engle*, this Court found an indictment alleging venue "in the Eastern District of Virginia and elsewhere" to be sufficient. 676 F.3d 405 at 416. Because the Superseding Indictment contained identical language, in pretrial proceedings, the government construed *Engle* as requiring an identical outcome. JA 84-85, 274-75.

This position oversimplifies *Engle*'s analysis. *Engle* found this verbiage sufficient not in and of itself, but rather on the basis that it unambiguously set forth the location of the *actus rei* creating the criminal offense. The indictment at issue in *Engle* alleged that "in the Eastern District of Virginia and elsewhere" the defendant "knowingly entice[d] a minor to engage in sexually explicit conduct with him for the purpose of producing a visual depiction of that conduct" and "knew . . . that such visual depiction would be, and later was, transported by [the defendant] in interstate commerce into the Eastern District of Virginia" in violation of 18 U.S.C. § 2251(a). *Id.* at 413, 415-16. This Court found 18 U.S.C. § 2251(a) to permit venue both in the district where the offense began and where it was completed. *Id.* at 416-17. It subsequently held that the indictment sufficiently pleaded venue because it alleged that the enticement of a minor—*i.e.*, the conduct

that created the chargeable offense—and the transportation of the visual depiction—*i.e.*, the conduct that completed the offense—occurred within the Eastern District of Virginia. *Id.* at 416-17 (finding that the indictment "clearly designate[d] 'the Eastern District of Virginia and elsewhere' as the location of [the defendant's] illegal acts") (internal quotation marks omitted); *see also Forrest*, 182 F.3d 910 at 910 (finding indictment to have sufficiently alleged venue by pleading that the conduct required to establish venue occurred within the Eastern District of Virginia).

*Engle*'s assessment of venue in the context of 18 U.S.C. § 2251(a) is consistent with Fourth Circuit venue requirements for mail and wire fraud. *Jefferson* is instructive. In that case, the government argued that the indictment had properly alleged venue by stating that the defendant engaged in acts in the Eastern District of Virginia that were related to the wire transmission serving as the basis for the charge. 674 F.3d 332 at 365. However, the transmission that created the punishable offense was a single phone call made by the defendant from Ghana to Kentucky. *Id.* at 364.

This Court held that while venue may have been proper in Kentucky, where the phone call was received, or, had the call originated domestically, the district from which it had been made, the charge could not be brought in the Eastern District of Virginia. *Id.* at 369. The district court thus erred by relying on the "[the

defendant's] acts directly or causally connected to the wire transmission as providing venue, because aside from the transmission itself, there are no acts necessary to establish the crime of wire fraud." *Id.* at 368 (internal quotation marks omitted). This Court expressly rejected the district court's holding that venue would have been appropriate in any district in which the defendant merely "orchestrat[ed] a wire transmission or perform[ed] other acts directly or causally connected to the wire transmission . . . even if the wire transmission does not originate, pass through, or terminate in that district." *United States v. Jefferson*, 562 F. Supp. 2d 695, 703-04 (E.D. Va. 2008), *vacated in part*, 674 F.3d 332 (4th Cir. 2012), *as amended* (Mar. 29, 2012).

It follows that in reviewing Mr. Powers's Motion to Dismiss the Superseding Indictment for inadequate allegations of venue, the district court ought to have assessed whether the allegations it contained, if true, would have established that a mailing or wire transmission originated from or was received in the Eastern District of Virginia. Whether Mr. Powers engaged in acts directly or causally related to the mailing or transmission in the Eastern District of Virginia is inapposite in determining whether proper venue was adequately alleged.

The Superseding Indictment plainly fails to meet this charge. For counts 1-4, the Superseding Indictment provides that "within the Eastern District of Virginia and elsewhere," Mr. Powers caused funds to be sent from investors in furtherance

of the alleged scheme to defraud.  JA 34.  For each count, the Superseding

Indictment lists a corresponding transmission that includes the date, initials of the

sender, the type of the communication and a wire amount.  JA 34.  An allegation

that any of the four transmissions, however, originated from the Eastern District of

Virginia is absent, and it likewise fails to state that any of the transmissions were

received in the Eastern District of Virginia.  Count 5 suffers from the same

failing—it fails to state the location from which the mailing was sent or received.

JA 35.

In pretrial proceedings, the government stated that it chose to omit this

information to minimize the likelihood of variance at trial.  JA 274.  Thus, on its

face, and by the government's own admission, the Superseding Indictment states

only that within the Eastern District of Virginia, Mr. Powers engaged in some acts

directly or causally connected to the eventual mailing and transmissions

enumerated as the bases for the charges against him.  But as *Jefferson* explains, the

critical question for the court is whether the essential conduct necessary to

establish venue—*i.e.*, the mailing or the wire transmission itself—occurred within

the District.  On this point, the Superseding Indictment provides no allegation at

all.  The district court thus erred in finding that the Superseding Indictment

adequately alleged venue with respect to Counts 1-5.

d.     That the Government Could Have Easily Cured the
        Defect Favors a More Liberal Standard of Review

That the government could have corrected the indictment with little to no

delay in the scheduled trial warrants the application of a more liberal standard in

favor of Mr. Powers.  *United States v. Hooker*, 841 F.2d 1225, 1232 (4th Cir.

1988) (finding that the government's notice of facial defect in the indictment two

weeks before trial demanded a "more liberal standard in favor of the movant.").

As described in Section IV, nearly two weeks before trial, counsel to

Mr. Powers identified to the government the Indictment's deficiency regarding

venue and asked that it include venue-related information in the Superseding

Indictment, which the government had announced an intention to file a week

earlier.  JA 80-81.  Rather than make a simple correction, three days later, the

government filed a Superseding Indictment without an alteration to the language

regarding venue.  The omission is striking, given that months earlier, the

government sought to obtain a stipulation from Mr. Powers that the wire fraud

transmissions were sent or received in the Eastern District of Virginia.  JA 56.

The pretrial proceedings during which the government expressed concerns

regarding variance suggest that its failure to correct the venue allegations in the

Superseding Indictment was a deliberate strategy choice intended to give its theory

of the case room to evolve during the course of the trial.  At best, the failure to

correct the venue allegations represents the very type of "lax practices in drafting

indictments" often resulting in "an enormous waste of resources by the court, the government, and [] defendant[s]" that this Court has sought to penalize. *Hooker*, 841 F.2d at 1232. For this reason, this Court should review the indictment in the light most favorable to Mr. Powers.

## B. The District Court Erred When It Failed to Address Mr. Powers's Guidelines Argument

### 1. Standard of Review

This Court reviews the reasonableness of a sentencing decision under an abuse of discretion standard. *United States v. Howard*, 773 F.3d 519, 527-28 (4th Cir. 2014). This review considers "both procedural and substantive reasonableness." *Id.* (quoting *United States v. Myers*, 589 F.3d 117, 123 (4th Cir. 2009)). If this Court finds the district court committed an error that rendered the sentence procedurally unreasonable, and that error was not harmless, reversal is required. *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010).

### 2. Discussion

#### a. District Courts Must Address Non-Frivolous Arguments Raised by a Defendant During Sentencing

A district court commits procedural error when it fails to consider the required sentencing factors and to offer an adequate explanation for the sentence imposed. *Lynn*, 592 F.3d at 576. During sentencing, the court must give the parties an opportunity to argue for what they believe is an appropriate sentence and

the court must consider those arguments in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Allmendinger*, 706 F.3d 330, 340 (4th Cir. 2013). When rendering a sentence, the court must make, and place on the record, an individualized assessment based on the particular facts of the case. *United States v. Carter*, 564 F.3d 325, 328, 330 (4th Cir. 2009). In explaining a sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

The sentencing court's duty is well-established; it must address any non-frivolous reasons raised by the parties for imposing a sentence outside the Guidelines. *See Rita*, 551 U.S. at 357; *Lynn*, 592 F.3d at 584-85; *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015); *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). The district court should address those arguments for a variance and explain why it has rejected them. *See Rita*, 551 U.S. at 357; *Lynn*, 592 F.3d at 584-85; *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). As the Supreme Court discussed in *Rita*, the sentencing judge's explanation, even if brief, assures reviewing courts that the sentencing was a reasoned process that considered the individual case and the individual defendant instead of solely relying on the Sentencing Commission's general advice. 551 U.S. at 357-58.

These reasoned explanations "help the Guidelines constructively evolve over time, as both Congress and the Commission foresaw." *Id*.

This Circuit requires sentencing courts to "demonstrate reasoned decisionmaking" that goes beyond a "perfunctory recitation of the defendant's arguments." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (quoting *United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009)). In *Blue*, the court held that a within-Guidelines sentence was procedurally unreasonable after the sentencing court failed to address all of the defendant's nonfrivolous arguments for a downward departure. This Court reasoned that even if the sentencing court "actually found that the Guidelines squarely addressed [the defendant]'s individual characteristics, it failed to state so on the record." *Id*.

> b. Policy Arguments About the Guidelines Are Non-Frivolous Arguments That Must Be Addressed by the Sentencing Court

The district court must address policy arguments raised by the defendant that concern the Guidelines. *See United States v. Clark*, 383 F. App'x 310, 312 (4th Cir. 2010) (per curiam); *United States v. Ricketts*, 395 F. App'x 69, 71 (4th Cir. 2010) (per curiam). For example, in *Clark*, this Court held that the sentence was procedurally unreasonable after the district court failed to address defendant's argument for a below guidelines sentence based on the disparate punishment the Guidelines recommended for crack cocaine convictions relative to powder cocaine

convictions.  *Id*. at 311.  Even though the sentencing court properly calculated the

defendant's advisory guideline range, it abused its discretion when it failed to

specifically address the defendant's policy argument that the Guidelines violated

the goals of Section 3553.  Likewise, in *Ricketts*, this Court found that a sentence

was procedurally unreasonable after the district court failed to address the

defendant's argument that the Guidelines disparately punish crack cocaine.  395 F.

App'x at 71.  The result of cases like *Clark* and *Ricketts* is clear—policy arguments

in support of a non-Guidelines sentence based on incongruence between the

Guidelines and Section 3553 are non-frivolous.  Thus, they must be addressed by

the sentencing court.

> c.  Mr. Powers Made a Disproportionality Argument That
> Was Not Addressed by the Sentencing Court

In this case, Mr. Powers argued that the fraud guidelines disproportionally

rely on the loss amount to an extent that is inconsistent with 18 U.S.C. § 3553's

policy of a "sufficient, but not greater than necessary" sentence.  These arguments

were ignored by the sentencing court.  In his sentencing brief, Mr. Powers spent no

less than nine pages and cited at least twenty-nine cases, studies, and commentaries

to explain that the rigid application of the fraud guidelines to his specific case is

contrary to the purposes of Section 3553(a).  JA 221-229.  Mr. Powers argued that

the loss-based enhancements were inconsistent with the entire premise of the

Sentencing Guidelines because they result in a sentence that was not proportionate

to his culpability. Mr. Powers argued that this disproportionality came as a result of the fraud guidelines not being supported by empirical data.

As Mr. Powers illustrated in his sentencing brief, the loss amount is a proxy for the scale, sophistication, and scope of the offense, but all three of those factors are already accounted for in separate enhancements. This double counting effect is further exaggerated in Mr. Powers's case and resulted in his offense level, as a first-time offender, matching the same level for criminal sexual abuse of a child and kidnapping involving the use of a dangerous weapon. JA 228-229.

Mr. Powers's disproportionality argument is, at its center, an argument that the guidelines do not proportionally punish culpability. This is the same argument made by the defendants in *Clark* and *Ricketts*. Here, not only does the loss amount enhancement, and its interaction with other enhancements, make the fraud guidelines disproportionate with many other offenses, but the enhancement also results in vastly different punishments for similar conduct. As Mr. Powers demonstrated to the sentencing court, a $100 million fraud can result in vastly different offense levels if the defendant defrauded five people out of $20 million each rather than 20 people out of $5 million each. The argument for a downward departure—based on the disproportionate result of the rigid application of the Guidelines—was a non-frivolous argument in *Clark* and *Ricketts,* as it is here. For that reason, the sentencing court needed to address this argument.

The sentencing court had two opportunities to address this argument. In Mr. Powers's Forfeiture and Sentencing hearing, the government addressed Mr. Powers's disproportionality argument, JA 1126- 1230, and Mr. Powers's counsel summarized the argument for the court, JA 1247-1250. The court did not engage with the government or Mr. Powers's counsel on the disproportionality argument nor did the state court why, or if, it rejected that argument. The court briefly addressed a separate argument made by Mr. Powers's counsel that he should receive a downward departure because of his character and history, JA 1280. In fact, the only time the court acknowledged the disproportionality arguments made by either counsel was when it asked a question of Mr. Powers's counsel about whether the court had the authority to engage with the argument at all. JA 1248 ("Is that a question for this Court to answer, or is that a question for the sentencing commission?"). This question, by itself, is not sufficient to meet the court's obligation to "demonstrate reasoned decisionmaking" that goes beyond a "perfunctory recitation of defendant's arguments." *Blue*, 877 F.3d at 518. To the contrary, the court's question makes clear it had not decided whether to engage with Mr. Powers's argument at all.

██████████████████████████████████

████████████████████████████

██████████████████████████████████

The court's failure to address Mr. Powers's non-frivolous disproportionality argument was an error because the court did not provide a reasoned explanation for its sentence of Mr. Powers. *Rita*, 551 U.S. at 357-58.

        d.      The Sentence Court's Failure To Address Mr. Powers's Disproportionality Argument Was Not Harmless Error

A procedural error is only harmless when the government can prove that the error "did not have a substantial and injurious effect or influence on the result." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (internal quotation marks omitted). This standard is only met when the court can find "with . . . 'fair assurance,' . . . that the district court's explicit consideration of [the defendant's] arguments would not have affected the sentence imposed." *Id*. The error is not harmless if the sentencing court could have "conceivably" given the defendant a lower sentence had it explicitly considered defendant's non-frivolous argument. *United States v. Thompson*, 595 F.3d 544, 548 (4th Cir. 2010).

The district court's error here was not harmless because the court could have conceivably given him a lower sentence had it explicitly considered his argument. The government cannot show otherwise for three reasons: (1) the district court did not provide any evidence that it would not have given Mr. Powers a lower sentence had it directly addressed Mr. Powers's argument; (2) the sentence Mr. Powers could have received could have been less than what he actually received had the

court considered his argument; and (3) Mr. Powers's disproportionality argument was not weak relative to the other factors considered by the court.

First, this Court cannot find "with fair assurance," that the district court's explicit consideration of the disproportionality argument would not result in a different sentence because the district court never engaged with the substance of the disproportionality argument. *See Rickett*, 395 F. App'x at 71 ("because the district court did not even consider Ricketts's arguments and provided no individualized assessment or statement of reasons, we cannot say, with any fair assurance, that the district court's explicit consideration of Ricketts's arguments would not have affected the sentence imposed.") (internal quotations omitted); *Clark*, 383 F. App'x at 312 ("this court cannot determine whether the sentence was greater than necessary or created an unwarranted sentencing disparity, as Clark contends. Therefore, we find that the district court abused its discretion and that the procedural error was not harmless.").  This is not a case in which the record presents ample evidence showing the court actually considered and rejected Defendant's argument even if it did not explicitly reject it.  In this case, there is only a single question from the court during the sentencing hearing about whether the court does, in fact, have the authority to engage with Mr. Powers's non-frivolous argument.  One question is not enough to show the district court considered and rejected this argument.  In this context, the court's question reveals

the court's uncertainty about whether it was appropriate to engage with Mr.

Powers's non-frivolous argument. It is not only appropriate, but required.

Second, had the court explicitly considered the argument, it is possible that

Mr. Powers would have received a lower sentence. This is not a case in which the

defendant faces the same sentence whether the court accepts or reject his argument.

*See United States v. Carpenter*, 818 F. App'x 235, 238 (4th Cir. 2020) (per curiam)

(holding that any error was harmless because even if the court accepted

defendant's argument, the Guidelines range would be 240 months and defendant

was sentenced to 234 months). Here, the Guidelines calculation resulted in a

sentencing range of 151-188 months, and the court sentenced Mr. Powers to 151

months. The loss amount that Mr. Powers challenged in his disproportionality

argument results in a 20-level loss enhancement alone. JA 221. Had the district

court explicitly addressed this argument, it is conceivable that it would have

sentenced Mr. Powers to well below 151 months. Even if the district court decided

that there was some merit to Mr. Powers's disproportionality argument but it did

not want to ignore the loss amount enhancement entirely, it could have conceivably

issued a sentence around of 51 to 63 months.[1] As Mr. Powers argued to the

---

[1] This is the midpoint between the offense level with the loss amount
enhancement in full effect (offense level 34) and the level with the loss amount
enhancement being rejected because it is not supported by empirical data as
Mr. Powers argued (offense level 14).

sentencing court, the loss amount accounts for a vast increase in the sentencing guidelines range; an increase that is not justified under Section 3553(a). Had the court accepted this argument, it is likely, or at least "conceivable," that Mr. Powers would have received a lower sentence.

Third, the error was not harmless because the disproportionality argument was not "weak [or] not particularly compelling when juxtaposed with [other factors]." *United States v. Nelson*, 813 F. App'x 854, 857 (4th Cir. 2020) (per curiam). As Mr. Powers argued to the sentencing court, multiple courts, supported by studies and commentaries, have done exactly what he asked the court to do— impose a below-guidelines sentence to account for the inadequacy of the fraud guidelines. JA 224 (*citing United States v. Gupta*, 904 F. Supp. 2d 349, 351 (S.D.N.Y. 2012); *United States v. Adelson*, 441 F. Supp. 2d 506, 509 (S.D.N.Y. 2006); *United States v. Emmenegger*, 329 F. Supp. 2d 416, 427-28 (S.D.N.Y. 2004); *United States v. Brothers Construction Co.*, 219 F.3d 300, 319 (4th Cir. 2000)).

The government cannot demonstrate that the error "did not have a substantial and injurious effect or influence on the result" because the district court provided no evidence it considered and rejected the argument, Mr. Powers could have received a lower sentence had the court considered his argument, and his argument was not "particularly weak" relative to the other factors considered by

the court, *Boulware*, 604 F.3d at 838 (internal quotation marks omitted).  The

sentencing court could have conceivably given Mr. Powers a lower sentence had it

explicitly considered his non-frivolous argument.  Thus, its error was not harmless

and the sentence should be vacated and the case remanded for resentencing.

## VII.  Conclusion

For the reasons argued above, this Court must vacate the convictions of Mr.

Powers as to Counts 1-5 because the district court erred in denying Mr. Powers's

pretrial Motion to Dismiss the Superseding Indictment for failing to adequately

plead venue.  This Court must also vacate Mr. Powers's sentence and remand the

case for resentencing because the district court failed to address each non-frivolous

argument raised by Mr. Powers.

## VIII.  Request for Oral Argument

Mr. Powers respectfully requests oral argument and submits that such

argument will aid the Court in deciding the issues presented in this appeal.

This the 22nd day of October, 2020.

Respectfully submitted,

STEPTOE & JOHNSON LLP

By: /s/ William L. Drake
William L. Drake
Jessica D. Maneval
Steptoe & Johnson LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
E-Mail: wdrake@steptoe.com

*Attorneys for Defendant-Appellant*
*Andrew Powers*

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 20-4396 |
| | ) | |
| Plaintiff-Appellee, | ) | On appeal from the United States |
| | ) | District Court for the Eastern District |
| v. | ) | of Virginia |
| | ) | |
| ANDREW POWERS, | ) | (Case 1:19-cr-00213-RDA) |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because this brief contains 7,402 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman.

Dated: October 22, 2020

Respectfully submitted by:

STEPTOE & JOHNSON LLP

By: /s/ William L. Drake
William L. Drake
Jessica D. Maneval
Steptoe & Johnson LLP
1330 Connecticut Avenue NW
Washington, DC  20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
E-Mail: wdrake@steptoe.com

*Counsel for Defendant-Appellant*
 *Andrew Powers*

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 20-4396 |
| | ) | |
| Plaintiff-Appellee, | ) | On appeal from the United States |
| | ) | District Court for the Eastern District |
| v. | ) | of Virginia |
| | ) | |
| ANDREW POWERS, | ) | (Case 1:19-cr-00213-RDA) |
| | ) | |
| Defendant-Appellant. | ) | |

## CERTIFICATE OF SERVICE

I certify that on October 22, 2020 the foregoing document was served on all

parties or their counsel of record through the CM/ECF system.

Dated: October 22, 2020                Respectfully submitted by:

STEPTOE & JOHNSON LLP

By: /s/ William L. Drake
William L. Drake
Jessica D. Maneval
Steptoe & Johnson LLP
1330 Connecticut Avenue NW
Washington, DC  20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
E-Mail: wdrake@steptoe.com

*Counsel for Defendant-Appellant
 Andrew Powers*